**IN THE COURT OF APPEALS OF IOWA**

No. 19-0842
Filed June 17, 2020

**IN THE INTEREST OF C.R.,**
**Minor Child,**

**W.R. and D.R., Grandparents,**
    Petitioners-Appellees,

**T.R., Mother,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

A mother appeals the court order terminating her parental rights to a child.

**AFFIRMED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellees.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

The paternal grandparents of a child, who also served as the child's guardians, petitioned to terminate the parental rights of the child's mother. The district court granted the petition. On appeal, the child's mother contends "the district court incorrectly found that termination was appropriate pursuant to Iowa Code section 600A.8(9) [(2018)] and was in the child's best interest." *See In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018) (describing termination proceedings under chapter 600A as "a two-step process" requiring proof of "a threshold event" and proof that termination "is in the best interest of the child" (citations omitted)).[1]

Iowa Code section 600A.8(9) requires the petitioner to establish that "[t]he parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household." The mother concedes the grandparents "met the threshold issue under Iowa Code section 600A.8(9), as [she] is currently incarcerated for the death of [the child's] sibling." *See Q.G.*, 911 N.W.2d at 770 (noting father "does not dispute . . . that he was incarcerated for a crime against one of his children").

That leaves us with the question of whether termination was in the child's best interests. *Id.* at 771. The mother asserts the bond she established with the child, her continuing efforts to maintain contact, the "love and support" she could provide, her "good prison record," and her expectation "of parole within the next five years" all weighed against termination. On our de novo review, we disagree.

---

[1] The father did not appeal the termination of his parental rights to the child.

The mother was sentenced to a fifty-year indeterminate prison term on a conviction of child endangerment causing death.  She had been in prison for more than nine years of the nearly-eleven-year-old child's life, and she was not slated to discharge her sentence until 2032.  Although she testified there was a "possibility" of parole in the summer of 2019, she could not "say that with any certainty."  She also agreed she was "denied parole eight different times."

The mother acknowledged she had not seen the child since "September 18, 2009" and had no phone contact with her for over two years.  She recognized in-person prison visits with the child "would be somewhat traumatic" and, if she were paroled, the child would require time to get reacquainted with her.  Ultimately, she agreed it was not "fair for [the child] to wait" for her to be a physical parent.

The mother's testimony alone supports the district court's conclusion that termination of her parental rights was in the child's best interests.  In addition, the child's therapist testified contact would be detrimental to the child.  Finally, the child's guardian ad litem recommended termination and stated, "[T]o do otherwise would cause severe trauma and danger to this bright, promising, wonderful girl."

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**